## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EMILY WHITEHEAD,<br><br>                    Plaintiff,<br><br>     v.<br><br>READY CAPITAL CORPORATION, THOMAS E. CAPASSE, JACK J. ROSS, JULIUS W. ERVING, FRANK P. FILIPPS, DOMINIQUE MIELLE, GILBERT E. NATHAN, ANDREA PETRO, J. MITCHELL REESE, and TODD M. SINAI,<br><br>                    Defendants. | Civil Action No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF SECTIONS 14(a) AND 20(a) OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br><br>**JURY TRIAL DEMAND** |

Plaintiff Emily Whitehead ("Plaintiff") alleges the following upon information and belief, including investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

### NATURE OF THE ACTION

1.     Plaintiff brings this action against Ready Capital Corporation ("Ready Capital" or the "Company") and Ready Capital's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of the Board's attempt to acquire Broadmark Realty Capital Inc. ("Broadmark").

2.     Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading registration statement (the "S-4") to be filed with the Securities and Exchange Commission ("SEC") on March 27, 2023. The S-4 recommends that Ready Capital stockholders vote in favor of a proposed transaction (the "Proposed Transaction") whereby Ready Capital acquires Broadmark. The Proposed Transaction was first disclosed on

1

February 27, 2023, when Ready Capital and Broadmark announced that they had entered into a definitive merger agreement (the "Merger Agreement") pursuant to which Ready Capital will acquire all of the outstanding shares of common stock of Broadmark in exchange for 0.47233 shares of Ready Capital common stock (the "Merger Consideration"). Ready Capital plans to issue shares of Ready Capital common stock to complete the Proposed Transaction (the "Stock Issuance"). The deal is expected to close in the second quarter of 2023.

3.      The S-4 is materially incomplete and contains misleading representations and information in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the S-4 contains materially incomplete and misleading information concerning the financial projections prepared by Ready Capital management, as well as the financial analyses conducted by Wells Fargo Securities, LLC ("WFS"), Ready Capital's financial advisor.

4.      For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Stock Issuance and/or the Proposed Transaction, including filing an amendment to the S-4 with the SEC or otherwise causing an amendment to the S-4 to be disseminated to Ready Capital's stockholders, unless and until the material information discussed below is included in any such amendment or otherwise disseminated to Ready Capital's stockholders. In the event the Stock Issuance and/or the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from the Defendants' violations.

**PARTIES**

5.      Plaintiff is, and has been at all relevant times, the owner of shares of common stock of Ready Capital.

6.      Defendant Ready Capital is a corporation organized and existing under the laws of

2

the State of Maryland. The Company's principal executive offices are located at 1251 Avenue of the Americas, 50th Floor, New York, New York 10020. Ready Capital common stock trades on NYSE under the ticker symbol "RC."

7.     Defendant Thomas E. Capasse has been CEO and a director of the Company since 2016. Defendant Capasse serves as Chairman of the Board.

8.     Defendant Jack J. Ross has been President and a director of the Company since 2016.

9.     Defendant Julius W. Erving has been a director of the Company since March 2022.

10.     Defendant Frank P. Filipps has been a director of the Company since 2016.

11.     Defendant Dominique Mielle has been a director of the Company since 2021.

12.     Defendant Gilbert E. Nathan has been a director of the Company since 2019.

13.     Defendant Andrea Petro has been a director of the Company since 2021.

14.     Defendant J. Mitchell Reese has been a director of the Company since 2016.

15.     Defendant Todd M. Sinai has been a director of the Company since 2016.

16.     Defendants Capasse, Ross, Erving, Filipps, Mielle, Nathan, Petro, Reese, and Sinai are collectively referred to herein as the "Board" or "Individual Defendants."

17.     Nonparty Broadmark is a Maryland corporation with its principal executive offices located at 1420 Fifth Avenue, Suite 2000, Seattle, Washington 98101. Broadmark common stock trades on NYSE under the ticker symbol "BRMK."

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

19.     Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

20.     Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because: (i) a significant amount of the conduct at issue took place and had an effect in this District; and (ii) Ready Capital has its principal executive offices located in this District.

## FURTHER SUBSTANTIVE ALLEGATIONS

### A.  Background of the Company and the Proposed Transaction

21.     Ready Capital is a real estate finance company that deals with small to medium balance commercial loans and loans guaranteed by the U.S. Small Business Administration, as well as residential mortgage loans. Since 2018, the Company has seen a three-fold increase in net income, from $61.4 million in 2018 to $203.1 million in 2022.

22.     On February 26, 2023, the Company entered into the Merger Agreement with Broadmark.

23.     According to the press release issued on February 27, 2023, announcing the Proposed Transaction:

**READY CAPITAL AND BROADMARK REALTY CAPITAL ANNOUNCE DEFINITIVE MERGER AGREEMENT**

− Transaction will create the 4th largest commercial mortgage REIT with a capital base of $2.8 billion –

− Highly synergistic platforms and capital optimization will drive strong earnings per share accretion in 2024 and sustained long-term growth −

4

− Expected value at closing of approximately $787 million −

New York, NY, February 27, 2023 /Globe Newswire/ – **Ready Capital Corporation (NYSE:RC) ("Ready Capital")**, a multi-strategy real estate finance company that originates, acquires, finances and services small-to-medium balance commercial loans, and **Broadmark Realty Capital Inc. (NYSE:BRMK) ("Broadmark")**, a specialty real estate finance company that specializes in originating and servicing residential and commercial construction loans, announced today that they have entered into a definitive merger agreement pursuant to which Broadmark will merge with Ready Capital. Upon completion of the merger, Ready Capital is expected to have a pro forma equity capital base of $2.8 billion.

Under the terms of the merger agreement, each share of Broadmark common stock will be converted into 0.47233 shares of Ready Capital common stock, or a total of approximately 63 million shares of Ready Capital common stock. The respective closing stock prices for Ready Capital and Broadmark on February 24, 2023 imply an offer price of $5.90 per Broadmark share, representing a 41% premium or approximately 0.85x tangible book value as of December 31, 2022. Upon the closing of the merger, Ready Capital stockholders are expected to own approximately 64% of the combined company's stock, while Broadmark stockholders are expected to own approximately 36% of the combined company's stock. In addition, Ready Capital will assume Broadmark's outstanding senior unsecured notes.

Based on the closing price of Ready Capital's common stock on February 24, 2023, the market capitalization of the combined company is approximately $2.2 billion. The combined company will operate under the name "Ready Capital Corporation" and its shares will trade on the NYSE under the existing ticker symbol "RC". Waterfall Asset Management, LLC will continue to manage the combined company.

"We are excited about the continued growth of our commercial real estate investment platform with the Broadmark transaction and believe it will provide strategic and financial benefits to all shareholders," stated Ready Capital Chairman and Chief Executive Officer Thomas Capasse. "We believe our asset management and workout experience, along with the synergies we expect to realize, position us well over the long-term."

"We are thrilled to join the Ready Capital team to usher in a new chapter of growth for both organizations by forming the 4th largest commercial mortgage REIT," said Broadmark Chairman and Interim Chief Executive Officer Jeffrey Pyatt. "Our synergies are undeniable given the complementary skillsets, product offerings and geographic footprint. The Broadmark team is looking forward to working closely with our colleagues at Ready Capital to maximize the potential of our combined platform and deliver value for our shareholders."

**Anticipated Benefits to Ready Capital and Broadmark Stockholders from the Merger**

- Highly Synergistic Business Models with Natural Alignment Across Geographies, Products, Sponsors, and Credit Philosophies: Ability for the combined company to capture economics throughout the full lifecycle of a property and retain sponsor relationships beyond construction and/or bridge stages.

- Strategically and Financially Compelling: Synergistic franchises and optimized capital management, among other factors, create a highly accretive transaction

- Robust Liquidity Supported by Proven Asset Management and Diversified Access to Funding: Immediate deleveraging benefit to Ready Capital with the opportunity to prudently optimize capital and enhance the earnings profile of the combined company.

- Significantly Increased Scale and Opportunities for Operational Efficiency: Creates the 4th largest commercial mortgage REIT with increased operational leverage.

- Proven Acquisition Track Record Provides Long-Term Upside to Shareholders: Integration and post-close growth strategy informed by Ready Capital's six mergers and acquisitions since 2016.

Additional information on the transaction and the anticipated effects on Ready Capital can be found in the investor deck relating to the merger on Ready Capital's website. The investor deck is also furnished by Ready Capital in a Current Report on Form 8-K on the date hereof.

**Management, Governance and Corporate Headquarters**

Upon completion of the merger, Ready Capital's Chairman, Chief Executive Officer and Chief Investment Officer, Thomas Capasse, will continue to lead the company and Ready Capital executives Jack Ross, Andrew Ahlborn, Gary Taylor and Adam Zausmer will remain in their current roles. The combined company will remain headquartered in New York, New York. The Board of the combined company is expected to increase by three Broadmark-designated directors to twelve directors.

**Timing and Approvals**

The transaction has been unanimously approved by each of the Boards of Directors of Ready Capital and Broadmark. The transaction is expected to close during the

second quarter of 2023, subject to the respective approvals by the stockholders of Ready Capital and Broadmark and other customary closing conditions.

**B.   The Materially Incomplete and Misleading S-4**

24.    On March 27, 2023, Defendants filed the S-4 with the SEC. The purpose of the S-4 is, *inter alia*, to provide the Company's stockholders with all material information necessary for them to make an informed decision on whether to vote in favor of the Stock Issuance and the Proposed Transaction. However, significant and material facts were not provided to Plaintiff. Without such information, Plaintiff cannot make a fully informed decision concerning whether to vote in favor of the Stock Issuance and/or the Proposed Transaction.

***Materially Incomplete and Misleading Disclosures Concerning the Management-Prepared Financial Forecasts***

25.    The S-4 discloses management-prepared financial projections for the Company which are materially misleading. The S-4 indicates that in connection with the rendering of WFS's fairness opinion, WFS reviewed "certain internal financial analyses and forecasts for Ready Capital . . . and Broadmark . . .prepared by the management of Ready Capital." Accordingly, the S-4 should have, but failed to, provide certain information in the projections that Ready Capital's management provided to the Board and WFS.

26.    Notably, the S-4 fails to disclose the underlying line items for Distributable Earnings Per Share for Ready Capital. The S-4 also fails to disclose the underlying line items for Distributable Earnings for Broadmark. This omitted information is necessary for Plaintiff to make an informed decision on whether to vote in favor of the Stock Issuance and/or the Proposed Transaction.

***Materially Incomplete and Misleading Disclosures Concerning WFS's Financial Analyses***

27.    With respect to the *Broadmark Dividend Discount Analysis,* the S-4 fails to disclose

the calculated terminal values for Broadmark, as well as the inputs and assumptions underlying the selection of terminal forward multiples of 0.75x to 0.90x and discount rates of 10.00% to 14.50%.

28.     With respect to the *Broadmark Precedent Transactions Analysis*, the S-4 fails to disclose the multiples for EV / TBV for each selected transaction. The S-4 also fails to disclose the value for each selected transaction.

29.     Finally, with respect to the *Broadmark Selected Public Companies Analysis,* the S-4 fails to disclose the multiples for Fully Diluted Price / TBV and Dividend Yield for each of the selected companies.

30.     With respect to the *Ready Capital Dividend Discount Analysis,* the S-4 fails to disclose the calculated terminal values for Ready Capital, as well as the inputs and assumptions underlying the selection of terminal forward multiples of 0.75x to 0.90x and discount rates of 10.00% to 14.50%.

31.     Finally, with respect to the *Ready Capital Selected Public Companies Analysis,* the S-4 fails to disclose the multiples for Fully Diluted Price / TBV and Dividend Yield for each of the selected companies.

32.     In addition, the Individual Defendants knew or recklessly disregarded that the S-4 omits the material information concerning the Stock Issuance and the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

33.     Specifically, the Individual Defendants undoubtedly reviewed the contents of the S-4 before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the S-4 omits the material information referenced above and contains the incomplete and misleading information

referenced above.

34.    Further, the S-4 indicates that on February 26, 2023, WFS reviewed with the Board its financial analysis of the Merger Consideration and delivered to the Board an oral opinion, which was confirmed by delivery of a written opinion of the same date, to the effect that the Merger Consideration was fair, from a financial point of view to Ready Capital stockholders. Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information concerning WFS's financial analyses which has been omitted from the S-4, and thus knew or should have known that such information has been omitted.

35.    Plaintiff is immediately threatened by the wrongs complained of herein and lacks an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that she will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

### COUNT I

**Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9**

36.    Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

37.    Defendants have filed the S-4 with the SEC with the intention of soliciting Ready Capital stockholder support for the Stock Issuance and the Proposed Transaction. Each of the Individual Defendants reviewed and authorized the dissemination of the S-4, which fails to provide the material information referenced above.

38.    In so doing, Defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of Ready Capital, were aware of the omitted information but failed to disclose such information, in violation of

Section 14(a).

39.     Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that such communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

40.     Specifically, and as detailed above, the S-4 violates Section 14(a) and Rule 14a-9 because it omits material facts concerning: (i) management's financial projections; and (ii) the value of Ready Capital shares and the financial analyses performed by WFS in support of its fairness opinion.

41.     Moreover, in the exercise of reasonable care, the Individual Defendants knew or should have known that the S-4 is materially misleading and omits material information that is necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Stock Issuance and the Proposed Transaction; indeed, the S-4 states that WFS reviewed and discussed its financial analyses with the Board on February 26, 2023, and further states that the Board considered WFS's financial analyses and fairness opinion in connection with approving the Proposed Transaction. The Individual Defendants knew or should have known that the material information identified above has been omitted from the S-4, rendering the sections of the S-4 identified above to be materially incomplete and misleading.

42.     The misrepresentations and omissions in the S-4 are material to Plaintiff, who will be deprived of her right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Stock Issuance and the Proposed Transaction. Plaintiff has no

adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

43.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

44.     The Individual Defendants acted as controlling persons of Ready Capital within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Ready Capital and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the S-4 filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

45.     Each of the Individual Defendants was provided with or had unlimited access to copies of the S-4 and other statements alleged by Plaintiff to be misleading prior to the time the S-4 was filed with the SEC and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

46.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was

reviewed by the Board prior to voting on the Stock Issuance and the Proposed Transaction. The S-4 at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Stock Issuance and the Proposed Transaction. They were, thus, directly involved in the making of the S-4.

47.     In addition, as the S-4 sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The S-4 purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

48.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

49.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A.     Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from filing an amendment to the S-4 with the SEC or otherwise disseminating an amendment to the S-4 to Ready Capital stockholders unless and until Defendants agree to include the material information identified above in any such amendment;

B.      Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Stock Issuance and/or the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the S-4;

C.      In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

D.      Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

E.      Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

F.      Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: April 3, 2023                                **ROWLEY LAW PLLC**

                                *S/ Shane T. Rowley*
                                Shane T. Rowley (SR-0740)
                                Danielle Rowland Lindahl
                                50 Main Street, Suite 1000
                                White Plains, NY 10606
                                Tel: (914) 400-1920
                                Fax: (914) 301-3514
                                Email: srowley@rowleylawpllc.com
                                Email: drl@rowleylawpllc.com

                                *Attorneys for Plaintiff*